NO. 8104.

**8104**

WILLIAM WALLACE

VS

LEON IRWIN.

STATE OF LOUISIANA

COURT OF APPEAL

PARISH OF ORLEANS.

--------------------

# OPINION.

By his Honor John St. Paul.

Defendants sister-in-law lost a diamond pin; and defendant advertised a reward for its return, which appeared in three newspapers. In two of them no amount was named; the third named $500 (in figures only). Plaintiff found the pin and claimed the reward; of which he was paid $50, and now seeks to recover an additional $450.

When plaintiff came with the pin to get the reward, defendant at once claimed that the figure $500 was an error, and that he intended to offer only $50; that the pin itself was not worth $500. This is the testimony of defendant, and of his chief clerk called in his behalf; and also of defendant's stenographer called in behalf of plaintiff.

As a witness, defendant testified that the pin was not worth even $150. He denied that he had said at the time, that it was worth $2000 or $500; and in this he is corroborated by the same two witnesses.

The judgment below, which was against plaintiff, was rendered herein three years after this testimony was given; and thereupon plaintiff applied for a new trial on the ground of newly discovered evidence; to wit, a witness who would swear <u>NOT</u> that the pin was worth $2000, but

that defendant had said so at the time when plaintiff came to claim the reward. Which new trial, we think, was properly refused.

Defendant testifies positively that he directed the offer of $50 only. His stenographer testified that he ~~directed~~ *dictated* ✓ the amount of the reward, and she wrote it as dictated; towit, $500 (in figures only, as was her custom). But she admits that she cannot explain why her carbon copy does not show by whom the advertisement was dictated, and that she had a rubber stamp fac-simile of defendant's signature with which she sometimes signed his correspondence.

"It is the law of this state that the public offer of a reward for the recovery of lost or stolen property creates an obligation which may be enforced by the person through whom the property was restored. Deslondes vs Wilson, 5 La 397." But when the offer is in writing, then, as in the case of all written instruments for thepayment of money, proof must be made that the instrument was actually intended to be for the sum therein expressed, C. C. 2243.

And considering all the circumstances as above set forth, we find no such proof in this case.

The judgment appealed from is therefore affirmed.

Judgment Affirmed.